MEMORANDUM OF DECISION
Gerardo Torres, Jr., was convicted by a jury in Count 1 of Murder, (the statute provides for a maximum sentence of 60 years), in Count 2 of Attempted Murder (the statutes provides for a maximum sentence of 20 years), in Count 3 of Carrying a Pistol Without a Permit (the statute provides for a maximum sentence of 5 years) and in Count 4, Conspiracy to Commit Murder (the statute provides for a maximum sentence of 20 years).
The petitioner was sentenced to the maximum period of incarceration for Counts 1, 2 and 3 and a 20-year concurrent sentence on Count 4 for a net effective sentence of 85 years. It is the sentence petitioner seeks to have reviewed.
The factual basis for the convictions is that on the date of the incident one Gonzales was operating a vehicle on the public streets in Bridgeport. Accompanying Gonzales in the vehicle was his "common law wife" and her 8-year old and 2-year old male children. At a point in their travels several individuals fired shots into the Gonzales vehicle from the curb side. Approximately 39 shell casings were retrieved at the scene. Twelve rounds of gunfire struck the Gonzales vehicle. The 8-year old child was struck in the back by one round and it proved fatal.
The petitioner was one of several shooters into the vehicle. There was evidence introduced in the trial to indicate that the petitioner had knowledge that a child was in the target vehicle at the time of the shooting.
At the hearing before the Division, counsel for the petitioner emphasized that at the time of the incident the petitioner was only 20 years of age. Counsel further claimed that the individual who actually committed the murder entered a plea of guilty and received a 25-year sentence. Petitioner elected a trial and received a more severe CT Page 2867 sentence. This, claims counsel, is disproportionate.
Counsel for the state countered by representing that the petitioner, along with others, had a disagreement with the operator of the subject vehicle. Counsel for the state indicated 40 shell casings were retrieved from two different caliber weapons. The state could not demonstrate what weapons fired which rounds. Counsel indicated the petitioner was heard to say the words to the effect, "Let's do the car." Counsel indicated the petitioner fired one or more rounds at the vehicle.
The petitioner addressed the Division and opined that he received "too much time." Petitioner represented that other individuals with similar offenses receive 20, 25 or 30 years of incarceration.
The sentencing court reviewed the entire record including the criminal history of the petitioner which revealed that he had three prior drug-related felony convictions and was on supervised home release at the time of the incident. The court further noted that the jury reasonably concluded that the petitioner lied on the witness stand.
The trial court indicated, "Frankly, it's hard to imagine a more horrendous crime than snuffing out the life of an eight year old in a hail of 40 rounds of Uzi, .45 and 9 millimeter slugs." "There was evidence before the court that he was told the youngster was in the car and he replied to that plea with profanity. You are correct that the PSI is a damning document. It says very little good about him and very much bad. In fact, it's probably the worst one I've ever read."[2]
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provisions of Connecticut Practice Book § 43-23
et seq., and Connecticut General Statute § 51-194 et seq.
Taking into consideration the violent and horrendous nature of the crime, the criminal history of the petitioner, and the lack of any acknowledgment for the offense, the sentence imposed is neither inappropriate nor disproportionate. CT Page 2868
In reviewing the record as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
THE SENTENCE IS AFFIRMED.
 MIANO, J. FORD, J. HOLDEN, J.
Miano, J., Ford, J. and Holden, J. participated in this decision.